IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14146-CIV-MOORE/LYNCH

CELLULARVISION TECHNOLOGY &
TELECOMMUNICATIONS, L.P.,
a Delaware limited partnership,

    Plaintiff,

vs.

ALLTEL CORPORATION,
a Delaware corporation, ALLTEL
COMMUNICATIONS, INC., a Delaware
corporation, and ALLTEL WIRELESS
HOLDINGS, LLC, a Delaware limited liability
company,

    Defendants.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER VENUE

THIS CAUSE came before the Court upon Defendant Alltel Corporation's Motion To Transfer Venue (DE # 18) and Defendants Alltel Communications, Inc.'s and Alltel Wireless Holdings, LLC's Motion to Transfer Venue (DE # 48).

UPON CONSIDERATION of the Motions, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**  **Background**

The instant action is a patent infringement action commenced by Plaintiff, Cellularvision Technology & Telecommunications ("CT&T" or "Plaintiff"), a Delaware limited partnership with its principal place of business in the New York/New Jersey area. 2nd Amended Compl., ¶ 1. Plaintiff does not dispute the Defendants' assertion that CT&T has no direct relationship or connections to the State of Florida other than the presence of its counsel in Florida. Def. Alltel

Corp. Mot. at 1–2, 9–10. Plaintiff alleges that Defendants infringe patents which cover inventions involving cellular and wireless transmission technology and that this infringement occurs "throughout the United States." 2nd Amended Compl. ¶¶ 21, 33, 45, 57, 69, 81.

Defendant Alltel Corporation is a Delaware corporation with its principal place of business in Little Rock, Arkansas. Declaration of William P. Creasman, ¶ 3 ("Creasman Decl."). Alltel Corporation acts as a holding company for other Alltel operating companies and asserts that it does not engage in business in the State of Florida. Creasman Decl., ¶ 4. Plaintiff argues that Alltel Corporation does engage in business in Florida, if only through its subsidiaries.

Defendant Alltel Communications, Inc. ("ACI") and Defendant Alltel Wireless Holdings LLC ("AWH," and together with Alltel Corporation and ACI, "Defendants"), are Delaware entities that list Little Rock, Arkansas as their principal place of business. Defs. ACI & AWH Mot. Ex. C. These entities are subsidiaries of Defendant Alltel Corporation. Unlike Alltel Corporation, these entities do directly operate wireless telecommunications networks in Florida. Defs. ACI & AWH Mot. at 2. ACI sells wireless communications services and products in Florida. AWH conducts business in Florida and owns properties in Florida, including some used for retail operations.

On September 18, 2006, Defendant Alltel Corporation filed its Motion to Transfer Venue (DE #18) under 28 U.S.C. § 1404(a) because neither Alltel Corporation nor CT&T are headquartered or conduct business in Florida and, it asserts, factors of convenience weigh in favor of venue in Arkansas. On September 28, 2006, Plaintiff filed an Amended Complaint (DE # 21) adding ACI and AWH as defendants. On December 4, 2006, Defendants ACI and AWH filed their Motion to Transfer Venue (DE # 48) under 28 U.S.C. § 1404(a), because none of the

parties are Florida entities and none have their principal place of business in Florida, and because materials and witnesses knowledgeable about nationwide operations of these companies reside in Arkansas, and because factors of convenience weigh in favor of venue in Arkansas. Plaintiff responds that its choice of venue should be given deference, that venue and personal jurisdiction are proper in Florida, and that Defendants have more sales and revenue from activities in Florida than in Arkansas.

## II. Discussion

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard for transfer under section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion. See Mason v. SmithKline Beecham Clinical Laboratories, 146 F. Supp. 2d 1355, 1358 (S.D. Fla. 2001) (citing Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. See Mason, 146 F. Supp. 2d 1359 (citing Van Dusen v. Barrack, 376 U.S. 612 (1964)). The question of whether to transfer venue is a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. In this case, Defendants assert that they each have their principal place of business in Little Rock, Arkansas, and therefore are subject to jurisdiction in the Eastern District of Arkansas under 28 U.S.C. §§ 1391(c) and 1400(b). Def. Alltel Corp. Mot. at 5; Defs. ACI & AWH Mot. at 4. Plaintiff does not dispute that venue would be proper in the Eastern District of Arkansas for Alltel Corporation

and ACI, but does state in one sentence, "there has been no evidence presented that [AWH] would even be subject to jurisdiction in Arkansas." Pl. Resp. to ACI & AWH Mot. at 3. However, AWH has submitted its Annual Report which lists Arkansas as its principal place of business. Defs. ACI & AWH Mot. Ex. C. The Court finds that this first prong is satisfied.

The second prong involves an element-by-element analysis. The second prong requires courts to balance private and public factors to determine if transfer is justified. Mason, 146 F. Supp.2d at 1359; Miot v. Kechijian, 830 F. Supp. 1460, 1465–66 (S.D. Fla.1993). The factors used to determine whether transfer is appropriate include: (1) convenience of the parties; (2) convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to secure the presence of unwilling witnesses; (5) the cost of obtaining the presence of witnesses; and (6) the public interest. Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (citing Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

### A.  Plaintiff's Choice of Forum

Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). But where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–56 (1981); Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1375–76 (S.D. Fla. 2003); Cellularvision Tech. and Telecomm., L.P. v. Cellco P'ship d/b/a Verison Wireless, No. 06-CIV-60666, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006).

In this case, CT&T, as also recognized in <u>Cellular Tech. and Telecomm., L.P. v. Cellco P'ship d/b/a Verison Wireless</u> above, has not filed this action in its home forum and has no apparent connection to the State of Florida, so Plaintiff's choice of forum is entitled to minimal weight. 2006 WL 2871858, at *3.

**B.     Convenience of the Parties**

Defendants have shown, and it is not disputed, that conducting this litigation would be more convenient to Defendants, who are headquartered in Little Rock, Arkansas, and have requested this transfer. However, "[w]here a transfer 'merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain.'" <u>Mason</u>, 146 F. Supp. 2d at 1361 (quoting <u>Eye Care Intel v. Underhill</u>, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000)). Plaintiff, who is headquartered in another state and does not conduct business in Florida, does not indicate why the Southern District of Florida would in any way be a convenient forum for Plaintiff. Rather, Plaintiff merely states, "[since CT&T made the corporate decision to commence this action in the Southern District of Florida, . . . CT&T obviously found it convenient." Pl. Resp. to Alltel Corp. Mot. at 12–13; Pl. Resp. to ACI & AWH Mot. at 13. While there can be a presumption that the chosen forum is convenient for a plaintiff, Defendants argue that Florida is only convenient to CT&T's counsel, whose presence in Florida appears to be CT&T's only connection to Florida. Convenience to counsel "is generally not an appropriate consideration" in a 1404(a) transfer motion. <u>Solomon v. Continental Am. Life Ins. Co.</u>, 472 F.2d 1043, 1047 (3rd Cir. 1973). Plaintiff has not shown any other reason why Florida would be a more convenient forum for it.

However, Plaintiff does argue that Arkansas would be an inconvenient forum because,

5

"Arkansas is a small, lightly populated state in a little traveled area of the country best known by travelers for an absence of flights and services." Pl. Resp. to Alltel Corp. Mot. at 9; Pl. Resp. to ACI & AWH Mot. at 10. Beyond this pejorative allegation, Plaintiff offers no substantiated evidence that it would not be able to find flights to Arkansas, or that prosecuting its case there would really be less convenient in any substantial way. In contrast, Plaintiff later indicates that CT&T's attorneys already successfully "flew to Little Rock to take the deposition of corporate employees" and that "[t]here is no question that CT&T's attorneys will likewise agree to take the depositions of any remaining corporate employees in Little Rock[.]" Pl. Resp. to Alltel Corp. Mot. at 17–18; Pl. Resp. to ACI & AWH Mot. at 19.

The Court finds it difficult to believe that Plaintiff would be more inconvenienced by prosecuting its case in Arkansas rather than Florida, considering Plaintiff is a Delaware entity headquartered in New York, and that Plaintiff has little or no apparent connection to the Southern District of Florida. On the other hand, Defendants have shown it would be much more convenient for them to proceed where they are headquartered nationally, thus the convenience of the parties weighs in favor of transfer.

C.   **Convenience of the Witnesses**

Important considerations under this factor are whether these witnesses have actual knowledge about the issues in the case, where they are located, and whether it will be more convenient for them if the action is in Florida or Arkansas. The length of the individual parties' lists of potential witnesses is not determinative. Mason, 146 F. Supp.2d at 1362 ("The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony.").

Defendants list several witnesses in Arkansas (and one in North Carolina) that they believe have knowledge relevant to the case. Defs. ACI & AWH Mot. at 5-6. For each witness, Defendants state the relevant areas about which the witness is knowledgeable. Id. Defendants also indicate that their witnesses "are knowledgeable on issues directly relevant to this case; namely, the corporate relationship of the parties in this case, the technology utilized in ACI's wireless telecommunications network, the sales revenue and usage associated with ACI's nationwide wireless telecommunications network, and the instructions provided to ACI's and AWH's customers on how to use the handset telephones." Defs. ACI & AWH Mot. at 7. Defendants assert that because they are headquartered in Arkansas, most witnesses who would have relevant knowledge about the technology, implementations, decisions, and nationwide operations for each of the defendants, are located in Arkansas. Def. Alltel Corp. Mot. at 6; Defs. ACI & AWH Mot. at 7.

Plaintiff lists witnesses that are located in Florida that it believes have knowledge relevant to the case. Pl. Resp. to Defs. ACI & AWH Mot. at 13-16. Defendants assert that this list is immaterial because "none of these witnesses are knowledgeable on the nationwide issues implicated in this case." Defs. ACI & AWH Mot. at 7. Defendants argue that because Plaintiffs have alleged that Defendants infringe "throughout the United States," witnesses with knowledge localized only to matters in Florida should not be determinative. Defs. ACI & AWH Mot. at 7. It does appear that all of the witnesses on Plaintiff's witness list are knowledgeable only about issues within Florida. Knowledge of Defendants telecommunications network and activities in Florida would be important to showing infringement within Florida. But, if Plaintiffs wish to show nationwide infringement, then they will likely need to use witnesses that have a broader

knowledge of Defendants activities outside of Florida.

It appears that most of the witnesses that will be knowledgeable about nationwide infringement issues related to the telecommunications network and activities of Defendants are located in Arkansas. The inventors of the patents-in-suit are located in New York. Plaintiff is entitled to call the witnesses that it chooses, whether they are located in Florida or otherwise. However, if Plaintiff cannot show nationwide infringement with these local witnesses, Plaintiff will likely need to bring in additional witnesses either from many states nationwide or from Alltel headquarters in Arkansas. It seems likely that more witnesses will be inconvenienced by conducting this litigation in Florida than would be the case in Arkansas. This factor weighs at least slightly in favor of transfer.

### D. Ease of Access to Sources of Proof

Most documents likely to be material to the prosecution of this patent infringement case appear to be located in the Eastern District of Arkansas. Defendants, citing multiple affidavits, list numerous important sources of proof located in Arkansas, among which are departments, technologies, software, documents, designs, systems, equipment, contracts, and reports. Defs. ACI & AWH Mot. at 8–11. Also, it appears that a significant amount of testing, planning, and implementation of relevant technology takes place in Arkansas. Id. Decision-making about implementing technologies is done in Arkansas. Id.

Plaintiff counters that "this factor is not even relevant when the plaintiff is willing to pay the cost of transporting documents to its chosen forum." Pl. Resp. to Alltel Corp. Mot. at 17; Pl. Resp. to ACI & AWH Mot. at 18 (citing Sunshine Cellular v. Vanguard Cellular Systems, Inc., 810 F. Supp. 486, 500 (S.D.N.Y. 1992). Sunshine Cellular is not a controlling case in the

Southern District of Florida. Further, <u>Sunshine Cellular</u> applied heightened restrictions to its transfer analysis because, "a defendant's burden on a motion to transfer is 'especially heavy *in antitrust suits*, where plaintiff's choice of forum is entitled to particular respect.'" <u>Sunshine Cellular</u>, 810 F. Supp. at 501 n.11 (citing <u>Star Lines Ltd. v. Puerto Rico Maritime Shipping Auth.</u>, 442 F. Supp. 1201, 1207 (S.D.N.Y 1978)) (emphasis added). In this case, Plaintiff has not qualified for heightened deference, because this is not an antitrust case, and Plaintiff has not brought this action in its home forum. Nonetheless, this factor becomes less of a burden on defendants when a plaintiff is willing to pay the costs for transporting documents to its chosen forum. Accordingly, this factor weighs only slightly in favor of transfer.

E. **Availability of Process to Secure the Presence of Unwilling Witnesses**

Plaintiff argues that many of Defendants' listed witnesses appear to be employees of one or more of the Defendants, so "the Defendants would be able to have these witnesses testify wherever the case happens to be located." Pl. Resp. to ACI & AWH Mot. at 16, 19. Defendants have not made a showing that they would need to compel the presence of unwilling witnesses, nor that conducting the litigation in Arkansas would afford a benefit in this regard. Plaintiffs would be able to compel the attendance of Defendants' employees or other witnesses that are located in Florida. This factor weighs against transfer.

F. **Cost of Obtaining the Presence of Witnesses**

As discussed above, most of the witnesses that would be knowledgeable about the nationwide operations and technology of Defendants appear to be located in Arkansas. And, if Plaintiff intends to prove nationwide infringement, then it will likely need to use witnesses that can show infringement and operations of Defendants outside of Florida. This factor weighs

slightly in favor of transfer.

G.  **Public Interest**

The public interest weighs at least slightly in favor of transfer. The Supreme Court has noted that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-9 (1947); quoted in Ford v. Brown, 319 F.3d 1302, 1307 (11th Cir. 2003). There is also an interest in "having localized controversies decided at home." Gulf Oil Corp., 330 U.S. at 509; quoted in Ford, 319 F.3d at 1307. Plaintiff does not appear to have any special connection to Florida other than the presence of its attorneys. And Defendants are all Delaware entities headquartered out of Arkansas and list their principal place of business as Arkansas. Citizens in the Southern District of Florida have little interest in disputes between foreign businesses and normally should not be burdened by the litigation.

Plaintiffs have demonstrated that at least Defendants ACI and AWH have conducted business in Florida. However, Plaintiff alleges that Defendants have committed acts of infringement not just in the Southern District of Florida, but "throughout the United States." 2nd Amended Compl. ¶¶ 21, 33, 45, 57, 69, 81. Defendants are headquartered in Arkansas, all of Defendants' officers reside there, and the locus of all decision-making activities for Defendants is in Arkansas. Decl. of William Creasman, ¶3. Even though some of Defendants' accused infringement activities are occurring in Florida, the activities of the Defendants in Florida are directed from Arkansas. Overall, it appears that the connection to Arkansas is stronger, and the citizens of Arkansas would have a greater interest in the dispute.

Another "factor to be considered as to public interest is the administrative difficulties

relating to court congestion." Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (citing Del Monte Fresh Produce Co. v. Dole Food Co., 136 F. Supp. 2d 1271, 1280 (S.D. Fla. 2001)). Thermal Techs. notes that "the Southern District of Florida has one of the busiest dockets in the country." Thermal Techs., 282 F. Supp. 2d 1373, 1376. This subfactor also weighs in favor of transfer.

### H.    Personal Jurisdiction and Venue in Florida

Plaintiff spends a portion of its response arguing that the Southern District of Florida has personal jurisdiction over Defendants and that venue is proper in this district. Pl. Resp. to Alltel Corp. Mot. at 7–9; Pl. Resp. to ACI & AWH Mot. at 5–10. Most of the cases cited in these arguments are not 1404(a) transfer cases and do not appear to be relevant. Additionally, these factors do not appear to be in dispute. Defendants do not argue that the Southern District of Florida does not have personal jurisdiction, nor that venue is improper in this district; rather, they argue that the Southern District of Florida is not as convenient a venue for the parties as it would be in the Eastern District of Arkansas.

### I.    Transfer to Defendants' Home Jurisdiction

Courts have held that in patent infringement cases, when the Plaintiff has not brought suit in its home jurisdiction, the defendant's home jurisdiction in which the majority of development, testing, research, production, and decisions regarding marketing and sales took place is the most convenient venue under 1404(a). S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185 (N.D. Ill. 1983) (case transferred to defendant's home jurisdiction, in part because, "all development, testing, research, and production of the subject product . . . [and] virtually all marketing and sales decisions were made [in the defendant's home jurisdiction.]"); Osteotech,

11

Inc. v. Gensci Regeneration Sciences, Inc., 6 F. Supp. 2d 349, 357–58 (D.N.J. 1998) (case transferred to jurisdiction where defendant had its principal place of business, in part because venue "'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production . . . [and] [a]ppropriate considerations include the location of the product's development, testing, research and production . . . [and] where marketing and sales decisions are made, rather than where limited sales activity has occurred.") (internal citations omitted); *see also* Aeroquip Corp. v. Deutsch Co., 887 F. Supp. 293, 296 (S.D. Ga. 1995); Cellularvision Techs. & Telecomm., L.P. v. Cellco P'ship d/b/a Verizon Wireless, No. 06-CIV-60666, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006); Cellularvision Techs. & Telecomm., L.P. v. Cellco P'ship d/b/a Verizon Wireless, No. 06-CIV-60665 (S.D. Fla. July 27, 2006).

The two cases above, titled Cellularvision Techs. & Telecomm., L.P. v. Cellco P'ship d/b/a Verizon Wireless, are notable because they are patent infringement suits brought in the Southern District of Florida by Plaintiff concerning the same patents-in-suit. In those cases, Judges Huck and Dimitrouleas both recognized that Plaintiff has little or no connection to the Southern District of Florida. 2006 WL 2871858, at *3; No. 06-CIV-60665, at *4. Also, both cases transferred the suits to the jurisdiction encompassing the defendant's headquarters. 2006 WL 2871858, at *4; No. 06-CIV-60665, at *7.

In this case, Defendants have submitted affidavits asserting that important planning, engineering, and operations departments are headquartered in Arkansas and that evaluation, testing, approval, and decisions on implementation of new technologies are done in Arkansas. Defs. ACI & AWH Mot. Ex. D; Defs. ACI & AWH Mot. Ex. E; Defs. ACI & AWH Mot. Ex. I.

Additionally, Defendants assert that marketing, training and customer support are centralized in Arkansas. Defs. ACI & AWH Mot. Ex. G. Plaintiff has demonstrated that Defendants ACI and AWH do conduct sales and business in Florida; however, it appears that most of the planning, testing, implementation, marketing, and sales training are centralized or controlled from Arkansas. This, considered in connection with Plaintiff's lack of substantial connection with the Southern District of Florida, supports following the above cited cases and transferring this matter to Arkansas.

### III. Conclusion

Overall, private and public interest factors favor transfer to the Eastern District of Arkansas.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Alltel Corporation's Motion to Transfer Venue (DE # 18) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendants Alltel Communications, Inc.'s and Alltel Wireless Holdings, LLC's Motion to Transfer Venue (DE # 48) is GRANTED. This motion was filed in duplicate, and the duplicate motion (DE # 47) is DENIED AS MOOT. It is further

ORDERED AND ADJUDGED that the Clerk of Court is directed to TRANSFER this action to the United States District Court for the Eastern District of Arkansas. It is further

ORDERED AND ADJUDGED that Defendant Alltel Corporation's Motion for Protective Order to Stay Discovery (DE # 16) is DENIED WITHOUT PREJUDICE. Defendant may file this Motion as a new motion in the Eastern District of Arkansas.

ORDERED AND ADJUDGED that Defendants Alltel Communications, Inc.'s and Alltel

Wireless Holdings, LLC's Motion for Protective Order to Stay Discovery (DE # 55) is DENIED WITHOUT PREJUDICE. Defendants may file this Motion as a new motion in the Eastern District of Arkansas.

ORDERED AND ADJUDGED that the Clerk of Court shall CLOSE this case in the Southern District of Florida. All pending motions not yet ruled upon are DENIED AS MOOT.

ORDERED AND ADJUDGED that all pending motions in the consolidated cases, 06-14147 and 07-14020, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of April, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
U.S. Magistrate Judge Frank J. Lynch